IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ROBIN LEDER, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 14-762-RGA |
| CARL CHEN, et al., | : | |
| Defendants. | : | |

Robin Leder, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 9, 2014
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Robin Leder filed this action alleging embezzlement and theft, fraud and false statements, and false claims and statements.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that on February 7, 2013, he made a personal loan to Defendant Carl Chen, who is also his landlord. On January 14, 2014, Plaintiff sent a letter to Chen recalling the loan. Chen refused to pay the loan, advised Plaintiff that he had signed a new lease, and further advised Plaintiff that he was subtracting rent for a year from the debt. Plaintiff states that he did not sign the lease. He alleges breach of contract, monetary damages, and seeks criminal prosecution.

While the Complaint asserts jurisdiction by reason of a federal question (*i.e.*, federal criminal statutes, 18 U.S.C. §§. 641-69, 1001; Program Fraud Civil Remedies Act, 31 U.S.C. § 3802; contracts made by an agency of the United States, 41 U.S.C. §§ 6503-07), the Court perceives no basis for federal jurisdiction. In addition, there is no diversity jurisdiction. The Complaint and civil cover sheet indicate that, at the time he initiated this lawsuit, Plaintiff was a citizen of the State of Delaware as are Defendants. Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a) (for

---

[1] To the extent that Plaintiff seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs); *id.* at § 1332(a)(1) (for diversity jurisdiction the matter in controversy must be between citizens of different States). Accordingly, the Court lacks subject matter jurisdiction over this matter.

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction. Amendment is futile.

An appropriate order will be entered.